UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CROCKETT,

       Plaintiff,

v.                                              Case No. 12-13289
                                              Honorable Patrick J. Duggan

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and CITIMORTGAGE, INC.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION

This action arises from the foreclosure of property in Detroit, Michigan. On June 28, 2012, Plaintiff filed a *pro se* complaint in the Circuit Court for Wayne County, Michigan, which Defendants removed to this Court on July 26, 2012. On August 16, 2012, Plaintiff filed a motion entitled "Motions for Judge Patrick Duggan, Due to a Blind Pull to Remove or Disqualify Himself Due to the Judge's Bias [sic] Opinion on Mortgage Fraud/Banks!" Defendants filed a response to the motion on September 4, 2012. The Court concludes that oral argument will not aid in its disposition of Plaintiff's motion and therefore is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, Plaintiff's motion is denied.

28 U.S.C. § 144 sets forth the requirements a party must meet to disqualify a judge from a proceeding:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is

> pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff fails to provide an affidavit in support of her motion. This alone justifies the denial of her motion. *See United States v. Sammons*, 918 F.2d 592, 598-99 (6th Cir. 1990) (citing *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1357 (6th Cir.1988)). In addition, however, Plaintiff fails to set forth any facts to support this Court's disqualification. She simply makes the bare allegation, without supporting facts and/or reasons, that the undersigned "has a reputation throughout Southeastern Michigan amongst Pro Per Litigants to be bias [sic] and prejudice in his opinions and Plaintiff believes it to be true as of today." (Pl.'s Mot. at 2.)

In short, Plaintiff fails to satisfy the requirements to disqualify the undersigned under § 144, and this Court is aware of no facts or circumstances that would prevent it from presiding over this matter in an impartial manner.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for disqualification is **DENIED**.

Dated: October 16, 2012            s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Angela Crockett
19680 Roslyn
Detroit, MI 48221

K.J. Miller, Esq.
Nasseem S. Ramin, Esq.
Samantha L. Walls, Esq.