UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CROCKETT,

        Plaintiff,

v.                                                  Case No. 12-13289
                                                    Honorable Patrick J. Duggan

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and CITIMORTGAGE, INC.,

        Defendants.
_____/

## OPINION AND ORDER (1) GRANTING DEFENDANTS FEDERAL NATIONAL MORTGAGE ASSOCIATION'S AND CITIMORTGAGE INC.'S MOTION TO DISMISS AND (2) DENYING PLAINTIFF'S MOTIONS TO FILE AMENDED COMPLAINT AND EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION

This action arises from the foreclosure of real property located on Roslyn Road in Detroit, Michigan. On June 28, 2012, Plaintiff filed a *pro se* complaint against Defendants in the Circuit Court for Wayne County, Michigan, which Defendants removed to this Court on July 26, 2012. Presently before the Court are the following motions: (1) a motion to dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on August 2, 2012, by Defendants Federal National Mortgage Association ("Fannie Mae") and Citimortgage, Inc. ("Citimortgage"); (2) Plaintiff's motions for extension of time and leave of court to file an amended complaint, filed September 27 and October 18, 2012; and (3) Plaintiff's emergency motion for a preliminary injunction, filed pursuant to Federal Rule of Civil Procedure 65 on October 1,

2012. The Court concludes that oral argument will not aid in its disposition of the motions and therefore is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendants' motion and denies Plaintiff's motions.

## I.     Applicable Standards[1]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that

---

[1] In addition to relying on Federal Rule of Civil Procedure 12(b)(6), Defendants seek dismissal pursuant to Rule 12(b)(1), arguing that Plaintiff lacks standing to bring this action after the redemption period expired. As this Court indicated in a recent case, it views the argument made by Defendants as raising an issue regarding the merits of Plaintiff's claims rather than an Article III standing issue. *See, Block v. BAC Home Loans Servicing LP*, No. 11-11181, 2012 WL 2031640 at *2 (E.D. Mich. June 6, 2012). Therefore, with respect to Defendants' motion to dismiss, the Court is setting forth the standard of review under Rule 12(b)(6), only.

discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. *See* Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

Finally, a plaintiff seeking a preliminary injunction has the burden of demonstrating entitlement to such relief and the burden is substantial. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). A preliminary injunction will be granted only where "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When considering a motion for injunctive relief, the Court must balance the following factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief, (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunctive relief. *Id*. "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

## II. Factual and Procedural Background

On or about November 21, 2004, Plaintiff acquired a mortgage loan from Citimortgage for $179,081.00 to purchase real property on Roslyn Road in Detroit, Michigan ("property"). (Defs.' Mot. Ex. A.) As security for the loan, Plaintiff granted Citimortgage a mortgage to the property. (*Id*.) The mortgage was recorded in the Wayne County Register of Deeds on January 24, 2005. (*Id*.)

Plaintiff thereafter defaulted on her loan obligations. Citimortgage initiated foreclosure by advertisement proceedings, publishing notice of the sheriff's sale scheduled for July 20, 2011, in the Detroit Legal News on June 21 and 26 and July 5 and 12, 2011. (*Id*. Ex. B.) Notice was posted at the property on June 21, 2011. (*Id*.) The sheriff's sale was adjourned on a weekly basis from July 20, 2011 until December 14, 2011. (*Id*., Exs. B, L.) On December 14, 2011, the property was sold at a sheriff's sale to Fannie Mae for $204,829.86. (*Id*. Ex. B.) The Sheriff's Deed was recorded on December 27, 2011. (*Id*.) The redemption period expired on June 14, 2012. (*Id*.)

On June 28, 2012, Plaintiff filed a "verified complaint to quiet title and for injunctive relief" against Defendants. In her Complaint, Plaintiff alleges that the sheriff's sale was scheduled to take place on July 20, 2011, did not take place on that date, and was not adjourned in accordance with Michigan's foreclosure by advertisement statute. (Compl. ¶¶ 8-10.) Plaintiff claims that "obtaining a Sheriff's Deed with full knowledge that the statutory requirement of MCL 600.3220 and MCL 600.3208 were not satisfied constitutes fraud, misrepresentation, bad faith and mistake." (*Id*. ¶ 13.) Based on these

5

allegations, Plaintiff asserts the following "claims" against Defendants: (I) breach of contract, (II) fraud and misrepresentation, and, (III) injunctive relief.

## III. Plaintiff's Request to Amend

Plaintiff expresses a desire to file an amended complaint in her response to Defendants' motion to dismiss and by separate motions. As indicated above, Rule 15 instructs that "[t]he courts should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, in order to determine whether justice would be served by an amendment, the court must have the substance of the proposed amendment before it. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002). Plaintiff has failed to provide the Court with a proposed amended complaint and has not expressly or coherently stated what she intends to include in an amended pleading. These failures on their own would lead the Court to deny her request to amend her complaint. *See id.* (citing *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986) (concluding that the district court did not abuse its discretion in not permitting the plaintiff to amend his complaint, because "[t]he plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make.")).

In response to Defendants' motion to dismiss, Plaintiff does assert that Defendants lacked a legitimate interest in the alleged indebtedness, that Defendants lien "has never been publicly declared," and that Defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"). However, for the following reasons, it would be futile to

allow Plaintiff to amend her complaint to make these assertions against Defendants. First, the mortgage reflects Citimortgage's interest in the property and was recorded in the Wayne County Register of Deeds on January 24, 2005. (Defs.' Mot. Ex. A.) The Sheriff's Deed conveying an interest in the property to Fannie Mae also was recorded. *See supra*. Second, Citimortgage (the party that pursued the foreclosure by advertisement proceedings) is not a debt collector under the FDCPA because it loaned the money to Plaintiff which was secured by the property via the mortgage. *See* 15 U.S.C. § 1692a(6)(A) (providing that the term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir.2003) (citation omitted) ("A creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.").

For these reasons, the Court is denying Plaintiff's motions to file an amended complaint.

**IV.   Defendants' Motion to Dismiss**

   **A.   Parties' Arguments**

Defendants raise several arguments in support of their motion to dismiss. First, they argue that Plaintiff lacks standing to challenge the foreclosure sale or to assert any legal interest in the property now that the redemption period has expired. Second, Defendants maintain that Plaintiff's claims are barred by the doctrines of laches and/or unclean hands because she waited more than six months after the sheriff's sale to

challenge the foreclosure by advertisement proceedings and because there is no dispute that she was in default on the mortgage loan and did not redeem. Next Defendants contend that Plaintiff fails to establish the elements of her breach of contract and fraud claims, plead her claim of fraud with requisite particularity, or establish superior title to the property.

In her response brief, Plaintiff fails to address most of Defendants' arguments. Instead she alleges for the first time and without elaboration that Defendants violated the Home Affordable Modification Program ("HAMP") and the FDCPA and asserts that "Defendants [sic] lien has never been publicly declared."[2] (*See* Pl.'s Resp. Br. at 7.) Plaintiff does allude to the claim that was asserted in her Complaint (i.e., that notice of the sheriff's sale was improper) in that she refers to the Fifth Amendment's Due Process Clause and states that it requires "that all persons who will be materially affected by a legal proceeding receive notice of its time, place and subject matter so that they will have an adequate opportunity to prepare for said legal proceeding . . .." (*Id*. at 6.) Plaintiff does not respond to Defendants' argument, however, that notice was provided in accordance with Michigan's foreclosure by advertisement statute.

**B. Analysis**

---

[2]As discussed in the preceding section, there is no merit to Plaintiff's allegations that Defendants violated the FDCPA or never "publicly declared" their lien. Plaintiff provides no facts suggesting that Defendants violated HAMP. In any event, HAMP creates no private cause of action for Plaintiff. *See e.g.*, *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010).

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id.* § 600.3236. At that time, the mortgagor may undo the sale *only* by demonstrating fraud or irregularity in the foreclosure proceedings. *Overton v. Mortg. Electronic Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).

In Michigan, foreclosure sales by advertisement are governed by statute. "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). Plaintiff fails to allege a violation of Michigan's foreclosure by advertisement statute. In her Complaint, she refers to the delay in the sheriff's sale and the failure to publish the adjournment; however Citimortgage complied with the statute's requirements.

Here, the foreclosure sale was adjourned from week to week, only. (Defs.' Mot. Ex. L.) In other words, no single adjournment was for more than one week at a time. Notice of the adjournment was posted at the place of sale. (*Id.*) Pursuant to the provisions in the foreclosure by advertisement statute, this was all that was required:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such

> adjournment before or at the time of and at the place where said sale is to be made, and *if* any adjournment be *for more than 1 week at one time*, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

Mich. Comp. Laws § 600.3220 (emphasis added). Plaintiff therefore has not stated a basis for challenging the foreclosure proceedings and Fannie Mae's acquisition of title to the property pursuant to those proceedings.

Plaintiff's breach of contract and fraud claims (Counts I and II) are premised on her assertion that notice of the foreclosure was improper. Thus those claims are meritless. Count III of Plaintiff's Complaint, labeled "injunctive relief," does not state a valid cause of action. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008) (citations omitted) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). Because there is no likelihood of Plaintiff succeeding on the merits of the causes of action she does assert, she is not entitled to such relief.

In short, Plaintiff fails to allege a claim against Defendants upon which relief may be granted. She has not shown that she could allege viable claims against Defendants if allowed to amend her pleadings. Thus the Court finds it unnecessary to decide whether her action against Defendants should be barred by the doctrines of laches or unclean hands; and the Court is denying her request to file an amended complaint and her motion for a preliminary injunction.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motions for extension of time to file an amended complaint are **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's emergency motion for a preliminary injunction is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

Dated: October 22, 2012                      s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Angela Crockett
19680 Roslyn
Detroit, MI  48221

K.J. Miller, Esq.
Nasseem S. Ramin, Esq.
Samantha L. Walls, Esq.