UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CROCKETT,

      Plaintiff,

v.                                           Case No. 12-13289
                                              Honorable Patrick J. Duggan

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and CITIMORTGAGE, INC.,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM ORDER OR FOR RECONSIDERATION (ECF NOS. 23, 24)

Plaintiff filed this *pro se* action in state court challenging the foreclosure of property in Detroit, Michigan. Defendants thereafter removed Plaintiff's Complaint to federal court based on diversity jurisdiction and filed a motion to dismiss. Plaintiff filed a motion to disqualify the undersigned, a motion for a preliminary injunction, and motions for extension of time and leave to file an amended complaint. On October 16, 2012, the Court denied Plaintiff's motion to disqualify and, on October 22, 2012, denied her remaining motions and granted Defendants' motion to dismiss. Presently before the Court are motions filed by Plaintiff challenging those decisions.

Plaintiff cites Federal Rule of Civil Procedure 60(b) in her motion challenging the Court's denial of her motion to disqualify. Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to Plaintiff's motion for reconsideration, Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. To the extent Plaintiff also relies on Rule 59(e), that rule provides that a judgment may be altered or amended only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Plaintiff has not satisfied any of these standards to demonstrate entitlement to relief.

    Plaintiff did not provide the required affidavit in support of her motion to disqualify the undersigned; nor did she set forth any facts to support this Court's disqualification. She has not attempted to correct these deficiencies in her motion for

2

relief from the Court's order denying her motion to disqualify. Instead, Plaintiff argues that the Court has violated her right of access to the courts by disposing of her motion without oral argument. Plaintiff, however, has not been denied her right under the First Amendment to reasonable access to the courts. She has been allowed to freely access the courts through written documents and has exercised that right.

Plaintiff has no right to an oral hearing with respect to any of her motions. Federal Rule of Civil Procedure 78 authorizes a court to decide a motion without oral hearing. The Sixth Circuit Court of Appeals has expressly stated that "[i]t is within the district court's discretion to expedite a case by ordering 'the submission and determination of motions without oral argument . . ..'" *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir., *cert. denied*, 513 U.S. 870, 115 S. Ct. 193 (1994) (quoting Fed. R. Civ. P. 78). The Eastern District of Michigan accordingly has adopted a rule which permits a judge to dispose of oral argument. E.D. Mich. LR 7.1(f)(2).

Plaintiff also asserts the lack of oral argument as a basis to challenge the Court's October 22, 2012 decision denying her motion for an extension of time and to file an amended complaint and granting Defendants' motion to dismiss. She further claims that the Court failed to rule on her motion for an extension of time and to file an amended complaint. The Court, however, expressly addressed and denied her motion. (*See* ECF No. 21 at 6-7.) In the remainder of her motion for reconsideration, Plaintiff argues that Defendants are liable to her and have violated various laws; but as she did in her previous pleadings, she asserts no facts to suggest that she would be able state a claim upon which

3

relief could be granted if allowed to file an amended complaint.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for relief from the order denying her motion for disqualification is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion requesting reconsideration of the Court's October 22, 2012 opinion and order is **DENIED**.

Dated: November 9, 2012                             s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Angela Crockett
19680 Roslyn
Detroit, MI 48221

K.J. Miller, Esq.
Nasseem S. Ramin, Esq.
Samantha L. Walls, Esq.